UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CRISTY LI,**

      **Plaintiff,**

   v.                             **Civil Action 2:25-cv-978**
                                         **Judge Michael H. Watson**
**WIDE OPEN WEST, INC.**             **Magistrate Judge Chelsey M. Vascura**
*d/b/a Breezeline*, *et al.*,

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

    Plaintiff, Christy Li, an Ohio resident proceeding without the assistance of counsel, sues her cable and internet provider, Wide Open West, Inc. ("WOW"), doing business as Breezeline, as well as Breezeline's parent company, Cogeco US Enterprise, LLC, for breach of a settlement agreement that required WOW to provide Plaintiff with WOW's best advertised pricing. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons

below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE** to re-filing in state court.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits her claims because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

In 2009, Plaintiff commenced an action against WOW for failure to correct an inaccurate name on her internet and cable account, advancing claims for breach of contract and violation of the Fair Credit Reporting Act. (*See Li v. Wide Open West*, Case No. 2:09-cv-1124.) That action was dismissed after the parties reached a settlement agreement in 2010. The settlement agreement required WOW to correct the name on Plaintiff's account and to modify the pricing on the account "to reflect WOW!'s best advertised pricing for similar services currently being offered to new customers in the Columbus, Ohio area." (Settlement Agreement, ECF No. 1-1, PAGEID #9–10.)

Plaintiff commenced the present action on August 28, 2025, alleging that Defendants breached the settlement agreement by failing to continuously provide Plaintiff with their best advertised pricing. (Compl., ECF No. 1-1.) Plaintiff contends that this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute. (*Id.* at ¶ 4.)

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. For a federal court to have diversity jurisdiction pursuant to § 1332(a), complete diversity of citizenship must exist (which means that each plaintiff must be a citizen of a different state than each defendant) and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

3

Here, Plaintiff has not identified any claims arising under federal laws or the United States Constitution to establish subject-matter jurisdiction under 28 U.S.C. § 1331. To the contrary, Plaintiff's breach-of-contract claims are creatures of state law. *See*, *e.g.*, *Marel v. LKS Acquisitions, Inc.*, 585 F.3d 279, 280 (6th Cir. 2009).

Nor can Plaintiff rely on diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction. Plaintiff neither alleges that the parties are citizens of different states nor alleges the citizenship of the parties at all. Nor does Plaintiff allege that the amount in controversy exceeds $75,000, and the undersigned finds it extremely unlikely that the pricing differences Plaintiff complains of would reach the necessary amount in controversy. Plaintiff therefore has not plausibly alleged that § 1332's diversity of citizenship or amount in controversy requirements are satisfied.

In sum, because Plaintiff has not identified any federal statutory or constitutional provision under which her claims arise, and because Plaintiff has failed to plausibly allege facts upon which this Court could rely to conclude that diversity of citizenship or the amount in controversy is satisfied, the undersigned recommends that the Court dismiss this action without prejudice for failure to assert any claim over which this Court has subject-matter jurisdiction.

### III.   DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. For the reasons above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction **WITHOUT PREJUDICE** to re-filing in state court.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE